UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED

APR 2 6 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-368-GWU

MICHAEL L. LESTER,                                              PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI). The appeal is currently before the Court on cross-motions

for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.   Is the claimant currently engaged in substantial gainful activity?
     If yes, the claimant is not disabled. If no, proceed to Step 2.
     See 20 C.F.R. 404.1520(b), 416.920(b).

2.   Does the claimant have any medically determinable physical
     or mental impairment(s)? If yes, proceed to Step 3. If no, the
     claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.   Does the claimant have any severe impairment(s)--i.e., any
     impairment(s) significantly limiting the claimant's physical or
     mental ability to do basic work activities? If yes, proceed to

1

Lester

> Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R.
> 404.1520(c), 404.1521, 416.920(c), 461.921.

> 4.    Can the claimant's severe impairment(s) be expected to result
>       in death or last for a continuous period of at least 12 months?
>       If yes, proceed to Step 5.  If no, the claimant is not disabled.
>       <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

> 5.    Does the claimant have any impairment or combination of
>       impairments meeting or equaling in severity an impairment
>       listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of
>       Impairments)?  If yes, the claimant is disabled.  If no, proceed
>       to Step 6.   <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a),
>       416.920(d), 416.926(a).

> 6.    Can the claimant, despite his impairment(s), considering his
>       residual functional capacity and the physical and mental
>       demands of the work he has done in the past, still perform this
>       kind of past relevant work?  If yes, the claimant was not
>       disabled.   If no, proceed to Step 7.   <u>See</u> 20 C.F.R.
>       404.1520(e), 416.920(e).

> 7.    Can the claimant, despite his impairment(s), considering his
>       residual functional capacity, age, education, and past work
>       experience, do other work--i.e., any other substantial gainful
>       activity which exists in the national economy?  If yes, the
>       claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a),
>       404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent

to the judicial review of administrative agency action apply.   Review of the

Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and</u>

<u>Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively

3

Lester

established medical condition is of such a severity that it can
reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.
1986).

Another issue concerns the effect of proof that an impairment may be
remedied by treatment.  The Sixth Circuit has held that such an impairment will not
serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health
and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same
result does not follow if the record is devoid of any evidence that the plaintiff would
have regained his residual capacity for work if he had followed his doctor's
instructions to do something or if the instructions were merely recommendations.
Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,
1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before
it, despite the plaintiff's claims that he was unable to afford extensive medical work-
ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.
1987).  Further, a failure to seek treatment for a period of time may be a factor to be
considered against the plaintiff, Hale v. Secretary of Health and Human Services,
816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford
or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242
(6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

4

Lester

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most

5

of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's

6

physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Michael L. Lester, was found by an Administrative Law Judge (ALJ) to have a "severe" combination of impairments consisting of mild left atrial enlargement, coronary artery disease with reversible ischemia, and a right knee effusion. (Tr. 16). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Lester retained the residual functional capacity to perform a significant number of jobs existing in the economy and, therefore, was not entitled to benefits. (Tr. 17-19). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age of 49 years, tenth grade education, and work experience as a truck driver and service station manager could perform any jobs if he were limited to "light" level exertion, and also had the following non-exertional restrictions. (Tr. 237). He: (1) could only occasionally climb ladders, ropes, or scaffolds; and (2) could not have exposure to humidity or temperature extremes. (Tr. 237). The VE responded that such a person could not perform the plaintiff's past relevant work, but that there were other jobs that such a person could perform, and proceeded to name them and to give the numbers in which they existed in the state and national economies. (Tr. 237-9).

7

While the plaintiff alleged disability with an onset date of May 21, 2001 due to high blood pressure, chest pain, shortness of breath, degenerative disc disease, arthritis, dizziness, lightheadedness, a possible heart attack, hyperlipidemia, and a decreased ability to hold objects in his hands (Tr. 59), office notes from his treating physician at the time, Dr. David Delapena, indicated that Mr. Lester was diagnosed with a lumbar strain, and he was released to return to work on June 25, 2001 with the only restriction being no "heavy lifting." (Tr. 110,113). Subsequently, the plaintiff was treated by Dr. Michele Friday for a variety of problems including chest pain and joint pain and, on January 7, 2004, the physician wrote a letter advising that Mr. Lester refrain from truck driving and "heavy manual labor." (Tr. 143). No other examining source gave specific restrictions.

The ALJ explicitly based his residual functional capacity finding on the reports of non-examining state agency physicians (Tr. 17), who found that Mr. Lester was capable of "light" level exertion but with somewhat different non-exertional restrictions than listed by the ALJ in the hypothetical question. Both of the state agency physicians opined that the plaintiff could "never," rather than "occasionally," climb ladders, ropes, or scaffolds. (Tr. 155-69). One of the state agency physicians also believed that he could "occasionally" climb ramps and stairs. (Tr. 157). As the ALJ recognized, the Commissioner's regulations direct that opinions of state agency medical and psychological consultants must be considered. 20 C.F.R. Sections

Lester

404.1527 (f)(2)(i); 416.927(f)(2)(i). Such consideration was lacking in the present

case.[1]

The decision will be remanded for further consideration.

This the ___$2b$___ day of April, 2006.

_Hwixlinthand_
G. WIX UNTHANK
SENIOR JUDGE

---

[1]It is also noteworthy that the ALJ's eventual functional capacity finding in his
hearing decision did not reflect either the hypothetical question or the opinion of either of
the state agency reviewers, since he included a restriction to "never" balancing. (Tr. 17).

9